*733 OPINION.
Marquette :
From the .facts as found, it is apparent that the petitioner’s mother was physically incapacitated and wholly dependent upon him for her support during the year 1922. He is therefore entitled to a credit under section 216 (d) of the Revenue Act of 1921 of $400.
We think the facts show that the petitioner is entitled to a deduction for a bad debt under section 214 (a) (7) of the Revenue Act of 1921. He was in close touch with the company to which he loaned the money and in a position to know of the collectibility of the debt. He found it to be worthless and it appears from the evidence that it was in fact worthless. As he kept no books of account no formal book entry of charge-off as mentioned in the statute was necessary in his case. See Huning Mercantile Co., 1 B. T. A. 130; Charles A. Collin, 1 B. T. A. 305; United States Tool Co., 3 B. T. A. 492. However, the petitioner is not entitled to a deduction of the full amount, $1,008 claimed by him. . The evidence shows that the net amount of the debt ascertained to be worthless was $785.35, and that is the amount which should be allowed as a deduction.
The petitioner’s claim of $480 as a deductible allowance for the upkeep of an automobile can not be sustained. The machine was used, not in the petitioner’s business, but in the business of another person. Furthermore, there is no evidence to show the amount the petitioner actually expended in its upkeep and operation.
The petitioner should be allowed credit on account of the support of his mother, and deduction for bad debt as set forth above in this opinion. He should also be allowed a credit of $2,400 on account of his wife and minor child, as conceded by the respondent. The respondent’s determination as to the other claimed deductions and credits is sustained.

Judgment will be entered on 15 'days' notice, wnder Rule 50.